IN THE DISTRICT COURT OF THE UNITED STATES FOR THE

MIDDLE DISTRICT OF ALABAMA, EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | CRIMINAL ACTION NO. |
| v. | ) | 3:12cr177-MHT |
| | ) | (WO) |
| CHARLES GREGORY DUNN | ) | |

OPINION AND ORDER

This matter is before the court on defendant
Charles Gregory Dunn's motion for a reduction in
sentence pursuant to 18 U.S.C. § 3582(c)(1)(A) and his
supplemental motion for compassionate release.  Dunn
seeks compassionate release from incarceration due to
his health conditions, some of which place him at an
elevated risk of serious complications or death should
he become infected with COVID-19.  He contends that he
cannot comply with the recommended social distancing to
protect himself from COVID-19 infection given the
conditions of his incarceration.  Based on the parties'
agreement, and because the court is convinced that
compassionate release is appropriate based on Dunn's
circumstances, the motion will be granted.

## I. BACKGROUND

In 2013, Dunn pleaded guilty to one count of distribution of child pornography by using a peer-to-peer file-sharing program called Limewire connected to the internet, in violation of 18 U.S.C. § 2252A(a)(2).  The underlying conduct took place in 2009.  He was sentenced to 130 months in prison followed by a lifetime term of supervised release.

Dunn has been incarcerated since March 28, 2013. As of today, he has served approximately 88 months, or 68 % of his total sentence.  His current projected release date is June 19, 2022, which would give him an actual total sentence of less than 111 months.  When looked at in this light, he has served approximately 79 % of his sentence.  If one further considers that he likely would be released to a halfway house six months before his projected release date, he has about 17 months left to serve in a prison setting.

Dunn is 54 years old and has several health problems.   He suffers from chronic obstructive pulmonary disease (COPD), hypertension, emphysema, seizures, and ulcerative colitis.   The Centers for Disease Control advises that "people of any age" who have COPD "*are at increased risk* of severe illness from COVID-19."   https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/people-with-medical-conditions.html (accessed on July 29, 2020) (emphasis in original).   *See also id.* ("Having COPD (including emphysema and chronic bronchitis) is known to increase your risk of severe illness from COVID-19.)".   The CDC also advises that people with high blood pressure "*might be at an increased risk* for severe illness from COVID-19." *Id.* (emphasis in original).

The prison where Dunn is incarcerated, Coleman-Low Federal Correctional Institution, is experiencing a significant outbreak of COVID-19.   When Dunn first filed his motion in late June 2020, the Bureau of

Prisons (BOP) reported few cases in the facility. By July 17, the reported numbers had increased to 45 infected inmates and 11 infected staff. https://www.bop.gov/coronavirus/ (accessed and screenshot taken on July 17, 2020). As of July 27, the reported number of infected inmates had more than tripled to 169 inmates infected, and the number of infected staff had almost doubled at 18. https://www.bop.gov/coronavirus/ (accessed and screenshot taken July 27, 2020).

Dunn contends that he is housed in a small cubicle with two other men within an open dormitory setting with over 100 other inmates. He says that the recommended social distancing is impossible in this setting.

## II.  LEGAL STANDARD

Dunn seeks compassionate release pursuant to 18 U.S.C. § 3582(c)(1)(A), which authorizes a court to

4

modify a term of imprisonment in certain enumerated
circumstances.  As relevant here, it states:

> "[T]he court, upon motion of the Director of the
> Bureau of Prisons, or upon motion of the defendant
> after the defendant has fully exhausted all
> administrative rights to appeal a failure of the
> Bureau of Prisons to bring a motion on the
> defendant's behalf or the lapse of 30 days from the
> receipt of such a request by the warden of the
> defendant's facility, whichever is earlier, may
> reduce the term of imprisonment (and may impose a
> term of probation or supervised release with or
> without conditions that does not exceed the
> unserved portion of the original term of
> imprisonment), after considering the factors set
> forth in section 3553(a) to the extent that they
> are applicable, if it finds that—
>
> (i) *extraordinary and compelling* reasons
> warrant such a reduction ...
>
> and that such a reduction is consistent with
> applicable policy statements issued by the
> Sentencing Commission."

18 U.S.C. § 3582(c)(1)(A) (emphasis added).

Congress did not define the phrase "extraordinary
and compelling" in the statute and instead directed the
United States Sentencing Commission to describe which
circumstances qualify.  *See* 28 U.S.C. § 994(t).  The

5

Sentencing Commission provided three specific circumstances that would qualify a defendant for release: (A) a medical condition of the defendant substantially reduces his ability to provide self-care in prison, (B) the advanced age of the defendant, and (C) the defendant's family circumstances. *See* U.S.S.G. § 1B1.13 cmt. n.1. The Commission also provided a final 'catchall' provision where the Director of the BOP finds "other reasons" exist that are "extraordinary and compelling." U.S.S.G. § 1B1.13 cmt. n.1(D).

Although the catchall provision gives authority to the BOP alone to determine whether "other reasons" warrant release, this policy guidance has not been updated since the 2018 passage of the First Step Act, Pub. L. No. 115-391. This court has concluded that, regarding any inconsistency between the statute and the policy statement, the policy statement serves as guidance but does not limit the court's authority. *See United States v. McCall*, No. 2:18CR95-MHT, 2020 WL

6

2992197, at *2 (M.D. Ala. June 4, 2020) (Thompson, J.);
*see also id.* at *2 n.2 (citing many cases reaching the
same conclusion).

As noted above, prior to the First Step Act of
2018, Pub. L. No. 115-391, only upon motion of the BOP
could a court consider releasing a defendant under 18
U.S.C. § 3582(c)(1)(A).  Now, prisoners may file their
own motions without the BOP's support provided that
they have either "fully exhausted all administrative
rights to appeal a failure of the Bureau of Prisons to
bring a motion on [their] behalf" or 30 days have
lapsed "from the receipt of such a request by the
warden of the defendant's facility, whichever is
earlier."  18 U.S.C. § 3582(c)(1)(A).


### III. DISCUSSION

The parties agree, and the court finds, that Dunn
has met the requirements of § 3582(c)(1)(A) and should
be released.   The government has conceded, and the

7

court agrees, that Dunn has met the exhaustion
requirement because 30 days have lapsed from the
warden's receipt of his request for compassionate
release. *See* 18 U.S.C. § 3582(c)(1)(A); Notice (doc.
no. 64).

The parties also agree, and the court finds, that
Dunn's diagnoses of COPD, emphysema, and hypertension,
in the context of the current outbreak of COVID-19 at
the Coleman-Low facility, present "extraordinary and
compelling" reasons for release under § 3582(c)(1)(A).
*See* Joint Agreement (doc. no. 84).

After considering the relevant factors under 18
U.S.C. § 3553(a), the court further agrees with the
parties that the relevant factors warrant granting a
reduction in sentence pursuant to 18 U.S.C.
§ 3582(c)(1)(A). Dunn has had no disciplinary
infractions and has been assessed by the BOP as having
a "minimum" risk of recidivism. *See* 18 U.S.C.
§ 3553(a)(1); § 3553(a)(2)(C). He had no criminal

8

history prior to the current offense. *See id.* He has served well over half of his sentence. *See* § 3553(a)(2)(B). He has an adequate release plan, and, because he has been sentenced to lifetime supervised release, he will continue to be monitored. *See* § 3553(a)(2)(B) & (C). Furthermore, had he been sentenced only six months later, this court would have sentenced him under the approach set forth in *United States v. Klear*, 3 F. Supp. 3d 1298, 1310 (M.D. Ala. 2014) (Thompson, J.), in which the court, based on a policy disagreement with the Guidelines, set forth its approach to sentencing in child pornography distribution cases; had it done so, Dunn would have received a substantially shorter sentence. *See* § 3553(a)(2)(A) & (a)(6). In sum, after considering all relevant factors and the Sentencing Commission's policy statement, the court finds "extraordinary and

compelling reasons" exist to reduce Dunn's sentence to time served.[*]

The court notes that it will set a hearing after Dunn has been released to discuss whether the conditions of supervised release need to be changed or augmented. The court would like Dunn to receive a thorough mental-health examination in light of his past head injury and to assess whether he needs mental-health treatment. In addition, because Dunn is being released without going through a halfway house, the court would like to discuss with the parties and Probation developing a transition plan for Dunn.

***

_____

[*] While the government initially requested that Dunn complete a quarantine period within the prison before his release, the parties later orally informed the court of their agreement that Dunn should be released immediately and should complete the quarantine period at home. In addition, the parties agree that Dunn should be released on the morning of August 3, 2020, to allow those who will transport him home to travel to the prison.

Accordingly, it is ORDERED that defendant Charles
Gregory Dunn's motion for sentence reduction (doc. no.
57) and supplemental motion for compassionate release
(doc. no. 79) are granted, and his sentence will be
reduced to time served effective August 3, 2020, at
8:00 a.m. Eastern Time.

A separate judgment will be entered.

DONE, this the 30th day of July, 2020.

                              /s/ Myron H. Thompson
                         UNITED STATES DISTRICT JUDGE